### Gilbert Freeman v. The State.

No. 7109.　Decided November 15, 1922.

Rehearing denied December 20, 1922.

**1.—Theft of Cattle—Appeal Bond—Certiorari.**

Where the appeal bond was not properly approved by the trial judge the appeal must be dismissed, and the motion for a certiorari is denied, as this matter should have been submitted in the trial court.

**2.—Same—Rehearing—Appeal Bond—Telephone Conversation.**

The statutory provision regarding the approval by the trial court of the appeal bond is plain and apparently mandatory, and if appellant was released following a telephone conversation and before the bond was in terms approved by the trial judge, such release was without warrant of law.

Appeal from the District Court of Liberty. Tried below before the Honorable J. L. Manry.

Appeal from a conviction of theft of cattle; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*W. T. Norman, Howth & O'Fiel,* and *Lamar Hart,* for the appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—We find the appeal bond in this case to be in the same condition as that in cause No. 7110 against the same appellant, with a motion to dismiss the appeal for the same reason. What we said in the other case with reference to motion for certiorari also applies in the instant case.

The appeal will be dismissed.

*Dismissed.*

ON REHEARING.

December 28, 1922.

LATTIMORE, JUDGE.—Appellant files his motion for rehearing herein contending that while the bail bond for appeal herein has not upon it the approval of the trial judge, that the said judge in a telephone conversation with the deputy sheriff of the county in which the trial was had told said officer that he would approve the bond, and that upon such statement the appellant was released from custody. Affidavits of appellant's counsel and said deputy sheriff are offered in support of this contention. This court does not try questions like this upon affidavit. The statutory provision regarding the approval of the trial court is plain and apparently mandatory. If appellant was released following such telephone conversation and before the bond was in terms approved by the trial court, such release was without warrant of law. Appellant's motion for rehearing presents no meritorious reason why same should be granted. It is ordered that said motion be overruled.

*Overruled.*